**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

AUG 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

DANIELE REIMANN,

        Plaintiff - Appellant,

v.

TOWN OF LOS GATOS; JONATHAN REYES,

        Defendants - Appellees.

No. 24-5816

D.C. No.
5:23-cv-04134-NC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Submitted August 21, 2025[**]
San Francisco, California

Before: CHRISTEN, LEE, and BRESS, Circuit Judges.

Daniele Reimann brings this suit under 42 U.S.C. § 1983 and state law arguing

that Los Gatos-Monte Sereno police officer Jonathan Reyes and the Town of Los

Gatos violated her Fourth Amendment rights, violated California's Bane Civil

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rights Act, and committed a series of common law torts when Reyes and other officers detained Reimann on suspicion of public intoxication. Cal. Penal Code § 647(f). The district court granted summary judgment for defendants on all counts. Reimann timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we review the grant of summary judgment de novo. *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1028 (9th Cir. 2000). We view the evidence in the light most favorable to Reimann as the non-moving party, *Nolan v. Heald Coll.*, 551 F.3d 1148, 1154 (9th Cir. 2009), but we "view the facts in the light depicted by bodycam footage and its accompanying audio, to the extent the footage and audio blatantly contradict testimonial evidence," *Hughes v. Rodriguez*, 31 F.4th 1211, 1218 (9th Cir. 2022) (emphasis omitted) (citing *Scott v. Harris*, 550 U.S. 372, 379–80 (2007)). We affirm.

1. The district court correctly granted summary judgment on Reimann's unreasonable seizure and false imprisonment claims because the record makes clear that police had probable cause for the arrest.

"If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution

to believe that an offense has been or is being committed by the person being arrested." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1206 (9th Cir. 2008) (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)). "Probable cause 'is not a high bar.'" *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018) (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)). Under California law, the existence of probable cause similarly defeats an action for false arrest or false imprisonment. *Carcamo v. Los Angeles Cnty. Sheriff's Dep't*, 283 Cal. Rptr. 3d 647, 653 (Ct. App. 2021).

Under California Penal Code § 647(f), it is unlawful for persons to be "found in a public place under the influence of intoxicating liquor . . . in a condition that they are unable to exercise care for their own safety or the safety of others. . . ." Officers had probable cause to arrest Reimann under this provision. Reimann does not dispute that she was in a "public place" within the meaning of the statute. And the evidence strongly suggested that Reimann was under the influence of alcohol to the degree that she was unable to exercise care for her safety or the safety of others. Reyes smelled alcohol on Reimann's breath, and she exhibited other signs of intoxication, such as slow movements and red eyes. Reimann also made numerous incoherent statements, demonstrated a lack of understanding of where she was, and had recently abandoned her car in the middle of the street for nearly two hours. Under these circumstances, officers had probable cause to arrest Reimann.

2.     The district court correctly granted summary judgment on Reimann's unreasonable force, Bane Act, battery, and assault claims.  The record makes clear that the officers used only minimal force when it was reasonable to do so.

Under the Fourth Amendment, an officer's use of force must be objectively reasonable under the totality of the circumstances.  *Graham v. Connor*, 490 U.S. 386, 397 (1989).  Reimann's Bane Act claim requires the existence of a constitutional violation.  *See Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013).  A required element of a battery claim under California law is "harmful or offensive contact with the plaintiff's person."  *Brown v. Ransweiler*, 89 Cal. Rptr. 3d 801, 811 (Ct. App. 2009).  Assault requires, among other things, an "intent to cause" or threat of "harmful or offensive contact."  *So v. Shin*, 151 Cal. Rptr. 3d 257, 269 (Ct. App. 2013), *as modified on denial of reh'g* (Jan. 28, 2013).

Reimann cites three ways that the officers' force was allegedly unreasonable: (1) her arm was bruised during transport; (2) an officer "kicked out" her leg to get her to sit down at the jail; and (3) the officers handcuffed her too tightly.  In conjunction with the video evidence, there is no genuine dispute over whether the officers used excessive force or made harmful or offensive contact.

*First*, even assuming there were evidence of a bruise on Reimann's arm, Reimann does not point to any specific conduct by an officer that could be said to be unreasonable, nor does the video evidence depict any.  Given that the video shows

that Reimann did not always cooperate with the officers' requests and had to be physically moved at times over the course of several hours, a bruise alone is not evidence of unreasonable force.

*Second*, the video evidence confirms there is no genuine dispute of material fact over whether officers' use of force in sitting Reimann down was excessive. Reimann refused repeated requests from the officers to sit down, and there is no indication of any unnecessary force by the officers in sitting her down.

*Third*, Reimann's claims about her handcuffs being too tight similarly do not raise a triable issue. While we have recognized that handcuffs that are too tight can lead to an excessive force claim, *see Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir. 1993), the facts here do not demonstrate excessive force. Reimann did not complain when officers handcuffed her. There is no indication of any lasting or substantial injury. And officers removed the handcuffs entirely upon Reimann's request.

3.	We affirm summary judgment for the Town of Los Gatos on the *Monell* claim for an allegedly unconstitutional municipal custom or policy. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978). To establish a *Monell* claim, Reimann must show, among other things, that a constitutional right was violated. *Id.* at 694. As Reimann cannot make out a Fourth Amendment claim, her *Monell* claim necessarily fails.

4.      Reimann's claim for intentional infliction of emotional distress also fails.  Under California law, this claim requires, among other things, "extreme and outrageous conduct by the defendant."  *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009).  Construing the facts in Reimann's favor, the conduct in this case falls far short of that standard.

**AFFIRMED.**